IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL NO.   09 - |
|---|---|---|
|  | : |  |
| v. | : | DATE FILED       09 - 10 - 2009 |
|  | : |  |
| JENNIFER SEIDEL | : | VIOLATION: |
|  | : | 18 U.S.C. § 1344 (bank fraud - 2 counts) |
|  | : | 18 U.S.C. § 1014 (false statements on loan application - 2 counts) |
|  |  | 18 U.S.C. § 982 (forfeiture) |

**INDICTMENT**

**COUNT ONE**

**THE GRAND JURY CHARGES THAT:**

At all times relevant to this indictment:

1. Wachovia Bank, National Association (Wachovia) was a financial institution that maintained offices in Phoenixville, Pennsylvania whose accounts were insured by the Federal Deposit Insurance Company.

2. In or about September 2002, defendant JENNIFER SEIDEL married B.S..

3. In or about December 2002, defendant JENNIFER SEIDEL and B.S. purchased, as tenants by the entirety, an investment property located at 130 East Union Street, West Chester, Pennsylvania.

4. In or about May 2007 defendant JENNIFER SEIDEL became a member of the board of directors of THM Team International, Inc., located in Collegeville, Pennsylvania.

5. In or around August 2007, defendant JENNIFER SEIDEL was named

President of THM and entered into an agreement to purchase the company.

6. In or about September 2007 defendant JENNIFER SEIDEL purchased Sederon, Inc. D/B/A Total Home Maintenance.

## THE SCHEME TO DEFRAUD

From in or around August 2007, to in or about July 2008, defendant

**JENNIFER SEIDEL**

knowingly and willfully executed, and attempted to execute a scheme to defraud Wachovia Bank, and to obtain monies owned by and under the control of Wachovia Bank, by means of false and fraudulent pretenses, representations, and that she diverted those funds to her own use.

It was part of the scheme that:

7. On or about August 9, 2007 defendant JENNIFER SEIDEL applied for a $85,000 Personal Equity Credit Line (PEL) #4386542213268086 at Wachovia Bank.

8. When applying for the loan, defendant JENNIFER SEIDEL informed Wachovia Bank that she and B.S. were applying as co-borrowers and were pledging their jointly owned property located at 130 East Union, West Chester, Pennsylvania as collateral for the loan.

9. Defendant JENNIFER SEIDEL did not have B.S.'s permission or consent to list him as a co-borrower on the application.

10. After the loan was approved, J.A.V., a Wachovia employee, met with the defendant JENNIFER SEIDEL who signed the loan documents in J.A.V.'s presence.

11. Defendant JENNIFER SEIDEL informed J.A.V. that her husband was unable to attend the meeting due to work obligations and convinced J.A.V. to drop the documents off for B.S.'s signature at their home at 1447 Evansbrooke Lake, Pottstown, Pennsylvania. J.A.V.

did so without ever seeing B.S.

12. Defendant JENNIFER SEIDEL returned the loan documents purporting to contain BS's signature and a copy of his driver's license to J.A.V.

13. B.S. was never informed of the loan application and had not agreed to pledge his jointly owned property as collateral. Instead, the signatures purporting to be his were forged.

14. From August 15, 2007 through on or about July 28, 2008, the loan was fully advanced and used for the benefit of Sederon, Inc.

15. B.S. never received any benefit from the loan.

All in violation of Title 18, United States Code, Section 1344.

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

    1.    Paragraphs 2 and 4 through 6 of Count One are incorporated here.

    2.    Univest National Bank and Trust Company (Univest) was a financial institution that maintained offices in Souderton, Pennsylvania whose accounts were insured by the Federal Deposit Insurance Company.

    3.    Prior to marrying defendant JENNIFER SEIDEL, B.S. had an investment account which was managed by Girard Properties located in King of Prussia, Pennsylvania.

    4.    Defendant JENNIFER SEIDEL did not have permission to access B.S.'s investment account.

## THE SCHEME TO DEFRAUD

From in or around August 2007, to in or about December 2008, defendant

**JENNIFER SEIDEL**

knowingly and willfully executed, and attempted to execute a scheme to defraud Univest Bank, and to obtain monies owned by and under the control of Univest Bank, by means of false and fraudulent pretenses, representations, and that she diverted those funds to her own use.

It was part of the scheme that:

    5.    On or about August 10, 2007 defendant JENNIFER SEIDEL met with T.H., relationship manager at Univest's Souderton, Pennsylvania branch and explained that she was interested in obtaining a $500,000 line of credit on behalf of her company Sederon, Inc.

    6.    Defendant JENNIFER SEIDEL explained that she had recently purchased the company and wanted to use the money to cover operating expenses.

7. Defendant JENNIFER SEIDEL informed T.H. that her husband, B.S., was going to be a guarantor of the loan and was willing to pledge his investment account as collateral for the loan.

8. Defendant JENNIFER SEIDEL did not have B.S.'s permission or consent to list him as a guarantor of the loan or to pledge his investment account as collateral.

9. Based upon the representations of defendant JENNIFER SEIDEL, T.H. prepared the loan documents for a $500,000 revolving draw loan #132220377.

10. The loan documents listed B.S. as a guarantor of the loan and pledged B.S.'s investment account as collateral.

11. On or about August 28, 2007, T.H. traveled to Sederon, Inc.'s office in Collegeville, Pennsylvania, where defendant JENNIFER SEIDEL signed the loan documents. At that time defendant JENNIFER SEIDEL informed T.H. that B.S. was unable to attend the meeting because of work obligations.

12. T.H. informed defendant JENNIFER SEIDEL that B.S.'s signature was needed on the guarantor agreement and the stock control agreement. T.H. left the unsigned documents with the defendant JENNIFER SEIDEL.

13. On or about August 29, 2007 funds of $75,000 were disbursed from the general ledger loan account to Sederon's checking account at Univest Bank with account # 4411603816.

13. On or about September 17, 2007 T.H. received the guarantor agreement and the stock control agreement which purported to contain the signature of B.S.

14. B.S. was never informed of the loan application and had not agreed to be a

5

guarantor of the loan or to pledge his investment accounts as collateral. Instead, the signatures purporting to be his were forged.

15. From August 28, 2007 through on or about November 2007, defendant JENNIFER SEIDEL accessed approximately $400,000 of the credit line for the benefit of Sederon, Inc., approximately $257,000 going into Sederon's Account # 4411603816 and approximately $143,841 going into Sederon's payroll account # 4411603824.

16. Due to nonpayment, Univest did not authorize additional withdrawals.

16. B.S. never received any benefit from the loan.

All in violation of Title 18, United States Code, Section 1344.

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

    1.    Paragraphs 1 through 6 of Count One are incorporated here.

    2.    On or about August 9, 2007, in the Eastern District of Pennsylvania, defendant

**JENNIFER SEIDEL**

knowingly made and caused to be made to Wachovia Bank a false statement for the purpose of influencing the actions of Wachovia Bank upon a loan, that is a $85,000 Personal Equity Credit Line (PEL), in that defendant JENNIFER SEIDEL caused to be submitted to Wachovia a false loan application in which the defendant represented that the signature on the loan documents was that of her husband, B.S., and that by signing he was agreeing to be co-borrower on the loan and that he was pledging their jointly owned property located at 130 Union Street, West Chester, PA as collateral for the loan, when, as the defendant knew, B.S. did not sign the loan documents, did not consent to be a co-borrower on the loan and did not pledge their jointly owned property as collateral for the loan. Indeed, the defendant knew that the loan documents that were submitted contained the forged signatures of her husband B.S.

    In violation of Title 18, United States Code, Section 1014.

## COUNT FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

      1.      Paragraphs 2 and 4 through 6 of Count One and paragraphs 2 through 4 of Count Two are incorporated here.

      2.      On or about August 10, 2007, in the Eastern District of Pennsylvania, defendant

## JENNIFER SEIDEL

knowingly made and caused to be made to Univest Bank a false statement for the purpose of influencing the actions of Univest Bank upon a loan, that is a $500,000 line of credit, in that defendant JENNIFER SEIDEL caused to be submitted to Univest Bank a false loan application in which the defendant represented that the signature on the loan documents was that of her husband, B.S., and that by signing he was agreeing to be a guarantor of the loan and that he was pledging his investment accounts as collateral for the loan, when, as the defendant knew, B.S. did not sign the loan documents, did not consent to be a guarantor and did not agree to pledge his investment accounts as collateral for the loan. Indeed, the defendant knew that the submitted loan documents contained the forged signatures of B.S.

      In violation of Title 18, United States Code, section 1014.

## NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES THAT:**

      1.    As a result of the violations of Title 18, United States Code, Section 1344, set forth in this indictment, defendant **JENNIFER SEIDEL** shall forfeit to the United States of America any property that constitutes or is derived from gross proceeds traceable to the commission of such offenses, including, but not limited to, the sum of $485,000.

      2.    If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

          (a)    cannot be located upon the exercise of due diligence;

          (b)    has been transferred or sold to, or deposited with, a third party;

          (c)    has been placed beyond the jurisdiction of the Court; or

          (d)    has been substantially diminished in value;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States Code, Section 982(a)(2).

**A TRUE BILL:**

_____
**GRAND JURY FOREPERSON**

_____
**MICHAEL L. LEVY**
**United States Attorney**